
**Sandra Greene, Esq**.
GREENEFITZGERALD Advocates
PO BOX 3836
York, Pennsylvania 17402
Sandralgreene998@cs.com
717-324-4269

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENSYLVANIA

| | |
|---|---|
| ABDULAZIZ AZAMI,<br><br>　　　　PLAINTIFF,<br><br>v.<br><br>KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY<br><br>JOSEPH B. EDLOW, IN HIS OFFICIAL CAPACITY AS DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES<br><br>ROSA A. KENDRICK IN HER OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES<br><br>　　　　DEFENDANTS. | Case No.:<br><br>Alien No.:　　214 098 976<br><br>PLAINTIFF'S COMPLAINT FOR WRIT OF MANDAMUS AND OTHER INJUNCTIVE RELIEF |

**To the Honorable Judges of Said Court:**

### INTRODUCTION

Plaintiff Abdulaziz Azami through the undersigned counsel alleges as follows:

1. Plaintiff is a citizen of Tajikistan. He has been in the United States since February 21, 2014.

2. Plaintiff submitted Forms I-360 and I-485 simultaneously to the United States Citizenship and

PLAINTIFF'S COMPLAINT FOR WRIT OF MANDAMUS AND OTHER INJUNCTIVE RELIEF  - 1

Immigration Services (USCIS) at the Vermont Service Center on June 27, 2018.

3. Plaintiff's I-360 was approved on October 29, 2020.

4. Adjudication of Plaintiff's Form I-485, Application to Register Permanent Residence or Adjustment of Status, based on the approved Form I-360, Self-Petition for Amerasian, Widow(er), or Special Immigrant, under the Violence Against Women's Act (VAWA), has been unlawfully and unreasonably delayed for more than five years.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Immigration and Nationality Act, 8 U.S.C. §1101 et seq., and regulations arising thereunder.

6. This Court has original jurisdiction under the Mandamus Act, codified at 28 U.S.C. § 1361, that states: "The district courts shall have original jurisdiction . . . to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

7. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedures Act ("APA"). The APA requires USCIS to perform its duties within a reasonable time, and USCIS is subject to 5 U.S.C. §§ 555(b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006).

8. This Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. The present action does not seek a review of a removal order but is simply an action to compel the USCIS to adjudicate Plaintiff's pending application.

9. As set forth below, the delays in adjudicating Plaintiff's properly filed Form I-485, Application to Register Permanent Residence or Adjust Status, are unreasonable.

## **VENUE**

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and § 1391(e) because the Defendants ("Defendants") are officers or employees of agencies of the United States government, acting in their official capacity under color of legal authority, and a substantial portion of the events and omissions giving rise to the claims herein occurred in this district. Furthermore, the Plaintiff resides in Philadelphia, Pennsylvania. No real property is involved in this action.

11. Because the national policy concerning adjudication of applications for immigrant benefits is formulated by the Department of Homeland Security (DHS) and implemented by USCIS, the venue is proper in this district.

## **PARTIES**

12. Plaintiff Abdulaziz Azami is a citizen of Tajikistan and currently resides at 9115 Academy Rd, Apt C15, Philadelphia, PA 19136, who is a victim of domestic violence by a U.S. citizen spouse, Gabriela Navhille Pina. Plaintiff filed I-360 and I-485 concurrently with USCIS.

13. Defendant Kristi Noem, 2801 Nebraska Avenue NW, Washington, DC 20528, is the Secretary of the United States Department of Homeland Security and is sued in her official capacity only. Defendant Noem is charged with the administration of the USCIS and with the implementation of the Immigration and Nationality Act. 8 CFR §2.1.

14. Defendant Joseph B. Edlow, 5900 Capital Gateway Drive, Camp Springs, MD 20746, is the Director of the USCIS and is sued in his official capacity only. USCIS is the component of the Department of Homeland Security that is responsible for adjudicating Plaintiff's applications.

15. Defendant Rosa A. Kendrick, 30 N 41 Street, Philadelphia, Pennsylvania 19104, is the Field Office Director of the USCIS, Philadelphia, Field Office and is sued in her official capacity only. The USCIS Philadelphia Field Office has jurisdiction over Plaintiff's Form I-485 because Plaintiff resides in Philadelphia, Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. No exhaustion requirements apply to Plaintiff's complaint. Plaintiff is owed a statutory duty by the DHS and by the USCIS to adjudicate his Form I-485, which was duly filed with the USCIS. Defendants have unreasonably delayed and failed to adjudicate Plaintiff's applications for just short of five years. Plaintiff has no other adequate remedy available for the harm he seeks to redress.

## FACTS AND PROCEDURAL HISTORY

17. Plaintiff is a citizen of Tajikistan, born in May 1995.

18. Plaintiff entered the United States on March 25, 2014.

19. Plaintiff met Gabriela Navhille Pina ("Pina"), a United States citizen. They began dating and fell in love.

20. Plaintiff and Pina married on February 03, 2016, in New York in a civil ceremony.

21. Plaintiff and Pina separated when Plaintiff could no longer tolerate her verbal and physical abuse, which had come to dominate their life together.

22. Because Plaintiff was a victim of domestic violence by his U.S. citizen spouse, he is eligible to self-petition for an immigrant visa with the USCIS.

23. VAWA allows battered immigrants to petition for legal status in the United States without relying on abusive U.S. citizen or legal permanent resident spouses, parents or children to

sponsor their Adjustment of Status (Form I-485) applications for lawful permanent resident status.

24. On September 14, 2017, Plaintiff filed an I-360 self-petition under VAWA with the USCIS Vermont Service Center, which was approved on October 29, 2020.

25. Plaintiff's I-485 Application to Register Permanent Residence or Adjustment of Status, also filed on June 27, 2018, is still pending as of the date of this filing.

26. USCIS has failed to adjudicate Plaintiff's I-485 application for more than five years after his I-360 self-petition was approved. He has been unlawfully deprived of relief during that time because of unreasonable and extraordinary agency delays.

27. USCIS issued Request for Evidence ("RFE") to submit updated form I-693, Report of Immigration Medical Examination and Vaccination Record on March 3, 2025. Plaintiff timely responded to RFE on March 24, 2025.

28. Plaintiff has fulfilled all the statutory requirements for filing Form I- 485, yet USCIS has failed to adjudicate his application.

29. Plaintiff has made numerous inquiries with U.S. Citizenship and Immigration Services regarding the prolonged adjudication of Plaintiff's pending Form I-485. These inquiries include requests submitted on April 25, 2025, May 21, 2025, May 22, 2025, and September 12, 2025.

30. With an approved Form I-360, an immigrant becomes eligible for adjustment of status. However, defendants failed in their obligation to adjudicate Plaintiff's pending I-485, thereby depriving him of his rights.

## **FIRST CLAIM OF RELIEF**

31. A mandamus action requires that plaintiff demonstrate the following: (1) that he has a clear right to the relief requested; (2) that the defendant has a clear duty to perform the act in question; and (3) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002).  Plaintiff here meets all the given criteria.

32. Plaintiff has fully complied with all the procedural requirements to file a VAWA Form I-360 self-petition and a Form I-485 concurrently.

33. Defendants' inaction has thereby deprived Plaintiff of his rights under 5 U.S.C. §§ 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it") and 5 USC § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.")  In this case, Defendants have failed to adjudicate the Form I-485 based on an approved VAWA I-360 self-petition for more than five years.

34. Defendants owe Plaintiff a duty to adjudicate his Form I-485 after approval of his Form I-360.  Defendants have unreasonably failed to perform this duty.

35. The intervention of this court is appropriate because Defendants have failed to act within a reasonable period of time.

36. As a result of Defendants' inaction, Plaintiff has suffered and continues to suffer injury.  The grant of this Mandamus Relief is therefore warranted.

37. Defendants' delay is without justification and has forced Plaintiff to resort to complaining to this Court for relief.  Plaintiff is entitled to attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **SECOND CLAIM OF RELIEF**

38. Plaintiff re-alleges and reasserts the foregoing paragraphs as if set forth fully herein.

39. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

40. The court also may hold unlawful and set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. §706(2)(A); "in excess of statutory jurisdiction, authority, or limitations or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. §706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over the matter;

2. Order Defendants and those acting under them to promptly adjudicate, in a period not to exceed 30 days, Plaintiff's Form I-485 Application to Register Permanent Residence or Adjustment of Status;

3. Grant reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. §504, 28 U.S.C. §2412; and

4. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted March 3, 2026,

*Sandra Greene*
_____
**Sandra Greene, Esq**uire

## **CERTIFICATE OF SERVICE**

I, Sandra Greene, Esquire, hereby certify that the forgoing PLAINTIFF'S COMPLAINT FOR WRIT OF MANDAMUS AND OTHER INJUNCTIVE RELIEF: PLAINTIFF'S PETITION AND ADJUSTMENT OF STATUS TO LAWFUL PERMANENT RESIDENCE was served by certified mail, Pre-Paid Postage on the following on March 3, 2026:

Krisit Noem, Secretary of Homeland Security
Department of Homeland Security
2801 Nebraska Avenue NW, Washington, DC 20528

Director Joseph B. Edlow, U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive, Camp Springs, MD 20746

Rosa A. Kendrick, Director Philadelphia Field Office,
U. S. Citizenship and Immigration Services
30 N 41st St, Philadelphia, PA 19104
US Attorney's Office -Philadelphia District
615 Chestnut Street, Suite 1250, Philadelphia, PA 19106

Sincerely,

*Sandra Greene*
_____
**Sandra Greene, Esquire**